## LEVIN v. SUFFRIN.

### No. 16362.

Court of Appeal of Louisiana. Orleans.

June 22, 1936.

Rittenberg & Rittenberg, of New Orleans, for appellant.

Gus Levy, of New Orleans, for appellee.

JANVIER, Judge.

Max Levin, an attorney who is also a certified public accountant, claims from Herman Suffrin $300 as Mr. Suffrin's obligation to pay one-half of a fee earned by Levin as a public accountant in making an audit of the affairs of the Golden Gate Liquor Company, Inc., the stock of which was owned by Mr. Suffrin and a sister of Mr. Morris Rosen. When it became apparent that Mr. Morris Rosen, who represented his sister, and Mr. Suffrin could not agree on the continued management and operation of the corporation, it was decided that one of the stockholders should take over the corporation, and that the affairs should be settled by the withdrawal of the other.

On August 5, 1935, Mr. Rosen, Mr. Suffrin, and Mr. Levin met, and Mr. Levin undertook to go over the financial affairs of the corporation and to make a report which would serve as the tentative basis for the purchase by one of the stockholders of the interest of the other. At that time, Mr. Levin was already employed by the corporation itself as auditor, but he contends that there was a definite agreement made, on that day, that the work which he then undertook to do was to be paid for in addition to the salary which he was receiving as auditor, and that this special fee was to be paid one-half by Mr. Rosen and the other half by Mr. Suffrin.

The only question involved is whether there was such an agreement; that is, whether the understanding was, in the first place, that there was to be a special fee, and, in the second place, whether the special fee was to be paid by the individual stockholders or by the corporation itself. It is conceded by Levin that the amount of the fee was not fixed.

There was judgment for plaintiff in the sum of $200, and from this judgment Mr. Suffrin has appealed. Plaintiff has answered the appeal asking for an increase in the judgment to the amount prayed for.

We have already considered, in the matter of Levin v. Suffrin, 167 So. 911, a claim by Mr. Levin against Mr. Suffrin for attorney's fees. In that suit Mr. Levin contended that he represented both of the stockholders not only as an accountant, but also as an attorney, but we held that, whatever Mr. Levin may have understood about the employment, Mr. Suffrin did not understand that Mr. Levin had been employed as an attorney or had been employed by him individually.

The record leaves no doubt that the meeting of August 5, 1935, was held, but there is much conflict in the evidence over the question of whether, at that meeting, Mr. Levin stated that the work which he was then undertaking to do was to be paid for by the stockholders individually or whether, in fact, there was to be any special payment over and above the salary which was being paid him on a monthly basis by the corporation. In view of the fact that both Mr. Rosen and Mr. Levin testified that it was understood that there was to be a special charge made and that the stockholders were to be individually liable each for one-half of this special charge, and in view of the further fact that the trial court reached the conclusion that

there was such an agreement, we feel that, on this point, the contention of plaintiff must be sustained. At any rate, we cannot say that the conclusion of the trial court on this question is manifestly erroneous.

However, we have made diligent inquiry into the details of the services which Mr. Levin claims to have rendered, and we find that he did little except check reports made by bookkeepers and inventories prepared by other clerks and make a certain number of mathematical calculations. There is expert testimony as to the value of these particular services, and, in view of this testimony and of the evidence concerning the extent of the services, we reach the conclusion that the amount allowed in the court below is manifestly excessive. For the services referred to in this record a charge of $200 would have been ample. Fixing this amount as the value of the entire services, the share due by Mr. Suffrin would be only $100. We, therefore, conclude that the judgment should be reduced to $100.

It is, therefore, ordered, adjudged, and decreed that the judgment appealed from be, and it is, amended by the reduction thereof to $100, and that as thus amended it be affirmed at the cost of appellee.

Amended and affirmed.